UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00110-KDB
(5:97-cr-00001-KDB-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner Sean Lamont Dudley's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1].

Petitioner was convicted in this Court on one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to a term of 360-months' imprisonment, and he is presently serving that sentence. Judgment was entered on April 1, 1998, see United States v. Dudley, 5:97-cr-00001-RLV-1 (W.D.N.C.) [Doc. 67: Judgment], and affirmed on appeal, United States v. Dudley, 165 F.3d 20, 1998 WL 756911 (4th Cir. 1998) (unpublished table decision).

On September 27, 1999, Petitioner filed a § 2255 motion to vacate, which the Court denied on the merits. [5:99-cv-00152-FDW, Docs. 1, 24]. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals. Dudley v. United States, 46 F. App'x 188 (4th Cir. 2002) (unpublished).

Since then, Petitioner has filed numerous § 2255 motions to vacate that this Court has

dismissed as unauthorized, successive § 2255 motions pursuant to 28 U.S.C. § 2255(h). See 5:13-cv-00132-RLV; 5:13-cv-00161-RLV; 5:14-cv-00028-RLV; 5:14-cv-00043-RLV; 5:14-cv-00104-RLV; 5:17-cv-00127-FDW; 5:18-cv-00173-FDW; 5:19-cv-00046-FDW. In the present motion, Petitioner again attacks the validity of his 1998 judgment.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Petitioner provides no evidence that he has obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. Consequently, the Court lacks jurisdiction to consider the instant Motion to Vacate, and it must be dismissed. See Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DISMISSED** without prejudice as an unauthorized, successive motion under 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief

is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: August 27,

Kenneth D. Bell
United States District Judge