UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00110-KDB
(5:97-cr-00001-KDB-1)

| | |
|---|---|
| SEAN LAMONT DUDLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner Sean Lamont Dudley's pro se "Motion for Reconsideration Pursuant to Fed. R. Crim. Proc. 59(e).[1]" [Doc. 4]

Petitioner was convicted in this Court on one count of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of aiding and abetting the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Petitioner was sentenced to a term of 360-months' imprisonment, and he is presently serving that sentence. Judgment was entered on April 1, 1998, see United States v. Dudley, 5:97-cr-00001-RLV-1 (W.D.N.C.) [Doc. 67: Judgment], and affirmed on appeal, United States v. Dudley, 165 F.3d 20, 1998 WL 756911 (4th Cir. 1998) (unpublished table decision).

On September 27, 1999, Petitioner filed a § 2255 motion to vacate, which the Court denied on the merits. [5:99-cv-00152-FDW, Docs. 1, 24]. Petitioner's appeal was dismissed by the Fourth Circuit Court of Appeals. Dudley v. United States, 46 F. App'x 188 (4th Cir. 2002)

---
[1] Petitioner cites Rule 59(e) of the Federal Rules of Criminal Procedure as grounds for his motion. There is, however, no such rule. It appears Petitioner intended to bring his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which allows a motion to alter or amend a judgment "to be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e).

(unpublished).

Since then, Petitioner has filed numerous § 2255 motions to vacate that this Court has dismissed as unauthorized, successive § 2255 motions pursuant to 28 U.S.C. § 2255(h). See 5:13-cv-00132-RLV; 5:13-cv-00161-RLV; 5:14-cv-00028-RLV; 5:14-cv-00043-RLV; 5:14-cv-00104-RLV; 5:17-cv-00127-FDW; 5:18-cv-00173-FDW; 5:19-cv-00046-FDW. Most recently, on August 21, 2019, Petitioner filed a § 2255 motion to vacate again attacking the validity of his 1998 judgment. [Doc. 1].

The Court denied this motion because Petitioner provided no evidence that he had obtained authorization from the Fourth Circuit to file a second or successive § 2255 motion. The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment(s), he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. See § 2255(h); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). As such, the Court dismissed Petitioner's § 2255 motion to vacate for lack of jurisdiction. See Winestock, 340 F.3d at 205.

Petitioner now seeks an Order from this Court essentially reversing its August 21, 2019 Order denying his Section 2255 Motion to Vacate, Set Aside, Correct Sentence as successive. Petitioner argues the same grounds he argued in this most recent § 2255 motion and again fails to provide evidence of having obtained authorization from the Fourth Circuit. Petitioner's Motion for Reconsideration, therefore, is denied as an unauthorized, successive petition, for the same reasons articulated by the Court in its Order of August 27, 2019 [Doc. 2].

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's Motion for Reconsideration [Doc. 4] is **DENIED** as an unauthorized, successive petition.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 23, 2019

Kenneth D. Bell
United States District Judge